# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-783V
### Filed: May 8, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
TERESA COOK,                        *
                                    *
                 Petitioner,        *
                                    *
v.                                  *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                 Respondent.        *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

Special Processing Unit ("SPU");
Ruling on Entitlement;
Concession;
Influenza ("Flu") Vaccination;
Shoulder Injury Related to
Vaccine Administration ("SIRVA")

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On July 24, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that the influenza ("flu") vaccination she received on October 21, 2014 caused her to suffer a shoulder injury. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 5, 2017, respondent filed his Rule 4(c) Report in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, "DICP[3] believes that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration ("SIRVA"). As such, DICP agrees that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The Division of Injury Compensation Programs ("DICP") at the Department of Health and Human Services. Respondent's Report at 1.

petitioner's claim satisfies the *Althen* requirements and that her alleged injury was caused-in-fact by a vaccination."  *Id.* at 4.  Respondent further agrees that "[n]o other cause for petitioner's condition has been identified. . . . [and] [b]ased on the medical records outlined above, petitioner has met the statutory requirements by suffering the residual effects of her condition for more than six months."  *Id.* at 4-5.  Accordingly, respondent indicates that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.* at 5.

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master